IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 12, 1999

# WILLIAM H. HORTON v. TENNESSEE DEPT. OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 98-612-II      Carol L. McCoy, Chancellor**

_____

**No. M1999-02798-COA-R3-CV** - **Filed September 26, 2002**

_____

PATRICIA J. COTTRELL, J., concurring

        I concur in the holding in this case, but write separately to point out that Mr. Horton failed to state a claim for relief because allegations the Department's failure to follow procedural policies in a disciplinary proceeding are not sufficient to invoke the due process clause unless the resulting sanctions impose an atypical and significant hardship beyond the ordinary incidents of incarceration, and do not state a claim for relief under state law. *Willis v. Tenn. Dep't of Corr.*, No. 2000-01397-COA-R3-CV; 2002 Tenn. App. LEXIS 389 (March 13, 2001). However, I agree with the majority that failure to comply with the requirement of approval by the commissioner's designee before imposition of sanctions is reviewable by common law writ of certiorari because such approval is a prerequisite for exercise of authority. Relief under the common law writ of certiorari is available if the lower tribunal has acted without authority or beyond its jurisdiction.

_____
PATRICIA J. COTTRELL